## WILSON CHERRY v. STATE.

No. A-6940.   Opinion Filed Dec. 7, 1929.
(283 Pac. 258.)

J. A. Rinehart, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Canadian county on a charge of manufacturing whisky, and was sentenced to pay a fine of $100 and to serve 60 days in the county jail.

The record discloses that at the time charged certain officers of Canadian county found a still in operation and arrested one Leo Lagali as he fled from the scene.   Two other persons were seen at the time, but made their escape. The defendant was later arrested, and, Lagali and one Garrett are jointly charged.   Lagali pleaded guilty and testified for the state in substance and to the effect that he, defendant, and one Garrett were operating a still at the time the officers approached.   There is other evidence corroborating his testimony and tending to connect defendant with the commission of the offense.   Defendant did not take the stand and offered no evidence.   Several contentions are made in defendant's brief, but none of them call for special discussion except possibly the contention that the county attorney referred to the fact that defendant did not testify.   It is extremely doubtful if the statements of the county attorney may be construed as suggesting that defendant did not testify.   In the examination of jurors on voir dire defendant's counsel asked the jurors if defendant saw fit not to take the witness stand at the close of the state's case, if they would consider that in any way in arriving at a verdict.   Where a defendant in any manner before the jury goes into the fact that a defendant has not or will not testify, he is not in position

to urge misconduct if the county attorney then refers to such failure, unless it appears that such comment may have affected the verdict. Upon an examination of the whole record, the guilt of defendant is conclusively shown, the punishment assessed not excessive, and no reason for a reversal is made to appear.

The case is affirmed.

DAVENPORT, J., concurs.

CHAPPELL, J., absent, not participating.